Filed 1/24/24  P. v. Dennis CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082171 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD296661) |
| GREGORY D. DENNIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Stephanie A. Lickel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Gregory D. Dennis appeals from a judgment following his entry of a guilty plea.  His appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  We mailed Dennis notice of his right to personally file a brief, but the mailing was returned unopened with a USPS stamp stating, "Return to Sender/Refused/Unable to Forward."  Dennis did not personally file a brief.

Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2023, Dennis, proceeding in pro per, pled guilty to one count of vandalism (Pen. Code,[1] § 594, subd. (a)(b)(1)). At the plea hearing, the trial court admonished him of the constitutional rights he was waiving in pleading guilty, and he submitted a guilty plea form indicating his understanding of the consequences of his plea. He also admitted to the factual basis underlying the vandalism charge.

At the sentencing hearing on March 29, 2023, Dennis received a copy of the probation report. Despite not receiving the probation report in advance of the hearing, he indicated his desire to go forward with sentencing. He then objected to any condition of probation that required he take psychiatric medications or talk to a psychiatric doctor. However, after the trial court indicated that probation would not be granted if he was not willing to follow the probation terms that were ordered, he withdrew any objections. The trial court suspended imposition of sentence with credit for time served and ordered Dennis to two years of formal probation. The trial court also imposed a victim restitution fine in the amount of $839.88, to which Dennis stipulated.

On May 8, 2023, Dennis filed a notice of appeal from the judgment and a request for a certificate of probable cause. On May 19, 2023, the trial court issued a certificate of probable cause.

DISCUSSION

Dennis's appellate counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of

---

[1] All further statutory references are to the Penal Code.

2

the case and statement of facts, urging no grounds for reversal of the judgment, and asking this court to independently review the record for error.

Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

(1) Did the trial court abuse its discretion by not conducting a hearing regarding Dennis's mental competence?

(2) Did the trial court properly advise Dennis of his constitutional rights in pleading guilty?

(3) Did the trial court abuse its discretion by failing to hold a restitution hearing?

(4) Did the trial court abuse its discretion by sentencing Dennis at the sentencing hearing even though he had not received an advance copy of the probation report?

(5) Did the trial court abuse its discretion by not considering whether Dennis was eligible for pretrial mental health diversion?

(6) Did the trial court err in failing to consider Dennis's ability to the ordered fines and fees? and

(7) Were the conditions of probation unconstitutionally vague and overbroad?

We have independently reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dennis on this appeal.

3

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


DATO, J.

4